**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Case No. 21-CV-256 |
| Subpoena to John McGarry, Sr. | Judge: _____ |
| | Magistrate Judge: _____ |

<u>NON-PARTY SUBPOENA RESPONDENT JOHN McGARRY'S MOTION TO QUASH SUBPOENA ISSUED OUT OF TENNESSEE CRIMINAL FORFEITURE PROCEEDING PURSUANT TO FED.R.CIV.P.45</u>

Pursuant to Fed. R. Civ. P. 45, non-party respondent John McGarry, Sr. ("McGarry"), by and through his undersigned attorney, hereby moves to quash the subpoena issued to John McGarry by the United States Attorneys' Office ("USAO") in the criminal forfeiture proceeding pending in the Eastern District of Tennessee captioned United States v. Karim Sadruddin and Rahim Sadruddin, Case No. 19-CR-146 (E.D. Tn) ("Forfeiture Proceeding"). In support of his motion, McGarry states as follows:

1. On October 22, 2019, the Sadruddins were charged in an Information with several counts of wire fraud and money laundering conspiracy. Additionally, the Government sought forfeiture of various parcels of property, goods and bank accounts. The Sadruddins pleaded guilty to these criminal charges on October 23, 2019.

2. The Government initiated forfeiture proceedings on the various parcels of property, goods and bank accounts at the end of 2019.

3. In January 2020, Whoriskey, LLC ("Whoriskey") asserted a claim to certain real property and goods located in Pikeville, Tennessee. McGarry is a board member of Whoriskey.

4. In February 2020, the District Court in Tennessee allowed for the taking of discovery in the forfeiture proceedings initiated by the Government and set January 11, 2021 as the date for

the completion of discovery. On January 12, 2021, the District Court in Tennessee granted the Government's motion to extend discovery and the close of discovery is now March 31, 2021.

5. Whoriskey propounded written discovery requests to the Government in August 2020. The Government issued written discovery requests to Whoriskey on October 21, 2020 and indicated that it wished to take the deposition of McGarry.

6. The Government issued a deposition subpoena to McGarry with the deposition set for December 16, 2020. The Subpoena also requested production of documents by McGarry in Tennessee. The Subpoena was sent by US mail to an office in Chicago, Illinois that is used by McGarry. No proof of service was filed by the Government and, without such evidence of service, it is questionable whether McGarry was properly served with the deposition subpoena for December 16, 2020.

7. Counsel for McGarry was retained in December 2020 and had several discussions over the phone and via email with the USAO explaining that McGarry's health issues and medical complications (see Exhibit A – Letter of Dr. Anderson) created an undue burden upon McGarry such that he could not sit for a deposition.

8. Despite these instances of undue burden on McGarry, the Government is again seeking his deposition and has issued a separate subpoena with a deposition date of January 26, 2021. The Subpoena was sent by US mail to an office in Chicago, Illinois that is used by McGarry. Like before, the Government has not provided a proof of service for this subpoena and it is highly unlikely that McGarry was properly served with this subpoena. Further, the government also seeks production of documents in Tennessee from McGarry.

9. McGarry was admitted to a hospital on January 6, 2021 for treatment of various medical complications and is presently in a different health care facility. It is not known when McGarry may be released from this health care facility. Moreover, McGarry is scheduled for

cataracts surgery on January 18, 2021. It is possible that his present health situation may alter the date of this surgery.

10. This Court should quash the deposition subpoena issued to McGarry for several reasons.

11. First, the Subpoena was served by U.S. mail, which is improper service. See, e.g., Fed R. Civ. P. 45(b)(1); *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 188 (N.D. Ill. 2013) (quashing subpoenas served by certified mail); *Murray v. Nationwide Better Health*, No. 10-CV-3262, 2011 WL 2461334, at *1 (C.D. Ill. June 17, 2011) ("Rule 45 requires personal service.") (citation omitted).

12. Second, the Subpoena fails to comply with the geographical limits specified in Fed. R. Civ. P. 45(c)(2)(A) because it seeks to require McGarry, who is located in Chicago, to produce documents in Tennessee. See Fed. R. Civ. P. 45(c)(2)(A) (requiring production at a "place within 100 miles of where the person resides, is employed, or regularly transacts business."); Fed. R. Civ. P. 45(d)(3)(A) (a court "must quash or modify a subpoena that: . . . (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c)[.]) (emphasis added); *Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 WL 2462823, at *3 (C.D. Ill. July 7, 2017) (quashing subpoena issued to third party located in Springfield, Illinois that sought production of documents in Madison, Wisconsin); *Webb v. U.S. Bank, N.A.*, No. 1:14-CV-1100-ELR-JFK, 2014 WL 12461040, at *2 (N.D. Ga. Dec. 16, 2014) (quashing subpoena that purported to require production of documents in Georgia by companies in Virginia and New York); Parker, 291 F.R.D. at 188 (quashing subpoenas in part because they would have required production of documents outside 100-mile limit).

13. Third, the Government failed to comply with the notice requirements of Fed. R. Civ. P. 45(a)(4) because it did not serve notice of the Subpoenas on any parties to the Forfeiture

Proceeding before attempting to serve the Subpoena on McGarry. See Fed R. Civ. P. 45(a)(4) ("If the subpoena commands the production of documents . . ., then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008) ("A party must serve each party with prior notice if the subpoena commands the production of documents. Prior notice is required in order to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things. The requirements of Rule 45 are clear.") (citations and quotation marks omitted) (affirming sanction against plaintiff that failed to provide notice of third-party subpoenas to defendants prior to serving the subpoenas); *Piercy v. Wilhelmi*, No. 16-MC-1008, 2016 WL 3034149, at *4 (C.D. Ill. May 27, 2016) ("Serving opposing counsel prior notice before commanding the production of documents is a clear requirement of Rule 45."); *Deuss v. Siso*, No. 14-CV-00710-YGR(JSC), 2014 WL 4275715, at *4 (N.D. Cal. Aug. 29, 2014) (quashing subpoenas in part because they violated Rule 45(a)(4), where subpoenas were mailed to opposing party after service of the subpoena).

14. Fourth, the Deposition Subpoena subjects McGarry to undue burden. Fed. R. Civ. P. 45(d)(3)(A) (a court "must quash or modify a subpoena that: . . . subjects a person to undue burden.") (emphasis added); Parker, 291 F.R.D. at 188 (identifying factors to consider when determining undue burden). Such undue burden is further explained in the attached Exhibit B which was filed in response to an earlier motion to compel in the District Court of Tennessee.

15. Fifth, the document request contained within the Deposition Subpoena seeks documents obtainable from another source (i.e. Whoriskey) that the Government has served written document requests upon.

WHEREFORE, non-party respondent John McGarry, Sr. respectfully requests that this Court enter an order: (1) quashing the Deposition Subpoena issued to John McGarry, Sr. by the Government in the criminal forfeiture proceeding in the Eastern District of Tennessee, captioned United States v. Karim Sadruddin and Rahim Sadruddin, Case No. 19-CR-146 (E.D. TN); (2) granting such other relief the Court deems just and appropriate.

Dated: January 15, 2021            Respectfully submitted,
                                                       John T. McGarry, Sr.

                                       By: */s/ Joseph P. Roddy*
                                                One of Its Attorneys

Joseph P. Roddy(jroddy@burkelaw.com)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611
312-840-7000
Firm ID No. 41704

**CERTIFICATE OF SERVICE**

On January 15, 2021, the undersigned caused the foregoing **NON-PARTY SUBPOENA RESPONDENT JOHN McGARRY'S MOTION TO QUASH SUBPOENA ISSUED OUT OF TENNESSEE CRIMINAL FORFEITURE PROCEEDING PURSUANT TO FED.R.CIV.P.45 ,** to be served by email upon:

Aubrey L Harper    aubreyharper2007@comcast.net
Charles L Davis    lee@davis-hoss.com
C. Eugene Shiles    ces@smrw.com
Steven S Neff    steven.neff@usdoj.gov,
Samuel T Quattrochi    sam@stqlaw.com
Howard Keith Morrison    kmorrison@thewilsonlawfirm.com
Gretchen Jenkins Mohr    gretchen.mohr@usdoj.gov
Annette M McGarry    amm@mcgarryllc.com

    /s/ Joseph P. Roddy

14918\00008\4838-5078-9079.v1